UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD KEARNEY,

                                                Petitioner,

-against-

H. GRAHAM, Superintendent,
Auburn Correctional Facility

                                                Respondent.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
06-CV-6305 (CBA)

**AMON, United States District Judge.**

On November 20, 2006, petitioner Richard Kearney filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 31, 2008, this Court denied that petition, holding that Kearney's claims were procedurally barred and, alternatively, failed on the merits. See Kearney v. Graham, No. 06-CV-6305 (CBA) (E.D.N.Y. Oct. 31, 2008) (ECF No. 27). Kearney now brings a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court treats this application as a second or successive petition and transfers it to the Court of Appeals for the Second Circuit.

## BACKGROUND

After a non-jury trial, Kearney was convicted of one count of Manslaughter in the First degree in violation of New York Penal Law § 125.20(1) and one count of Criminal Possession of a weapon in the Fourth Degree in violation of New York Penal Law § 265.01(2). On September 10, 2003, Kearney was sentenced to a concurrent determinate term of twenty years for the manslaughter count and one year for the weapon possession count.

After direct appeal and state post-conviction relief, Kearney filed a petition for a writ of habeas corpus in this Court asserting four claims for relief: (1) ineffective assistance of trial

1

counsel; (2) invalid waiver of Kearney's right to a trial by jury; (3) prosecutorial misconduct; and (4) lack of an impartial trial judge. This Court denied Kearney's habeas petition on October 31, 2008, finding all of his claims to be procedurally barred and, in any event, without merit. On November 21, 2008, Kearney filed a Notice of Appeal to the Second Circuit Court of Appeals (ECF No. 30) and on December 5, 2008, he submitted a "Letter Motion for Certificate of Appealability." (ECF No. 32.) On May 8, 2009, the Court of Appeals issued a Mandate denying Kearney's motion for a certificate of appealability and dismissing the appeal. See Kearney v. Graham, No. 08-5642-pr (2d Cir. May 5, 2009).

On May 12, 2010, Kearney filed the instant motion, purportedly pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 38.) Kearney seeks reconsideration of the denial of his petition for a writ of habeas corpus on grounds of newly discovered evidence and fraud. Kearney also brings four substantive claims, alleging (1) ineffective assistance of counsel; (2) lack of an impartial trial judge; (3) denial of his Sixth Amendment right to confront witnesses; and (4) that insufficient evidence was presented at his state court trial to support a verdict of guilty.

## DISCUSSION

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). In addition to the circumstances enumerated in Rule 60(b)(1)-(5), such relief may be granted "for any other reason" that justifies it. Id. at 528-29; FED. R. CIV. P. 60(b)(6).[1] In habeas corpus proceedings, however, Rule 60(b) is limited to the extent it is inconsistent with the restrictions imposed by the Antiterrorism and

---

[1] This sixth ground, "despite its open wording, has been narrowly cabined" to apply only to "extraordinary circumstances" or "extreme hardship". Harris v. United States, 367 F.3d 74, 80-81 (2d Cir. 2004).

Effective Death Penalty Act of 1996 ("AEDPA"), which limits a state prisoner's ability to file second or successive habeas applications under 28 U.S.C. § 2254. Under AEDPA, "[a] claim presented in a second or successive habeas application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Moreover, a claim not previously presented shall be dismissed unless the petitioner can show that it "relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Crosby, 545 U.S. at 530; see 28 U.S.C. § 2244(b)(2). A district court cannot accept a successive habeas filing unless the petitioner first "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). This pre-certification requirement is jurisdictional, and the district court is obligated to transfer any uncertified successive applications to the Court of Appeals. See Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003).

A prisoner cannot avoid AEDPA's limitations on second or successive petitions by filing a habeas application in the guise of a Rule 60(b) motion. Rule 60(b) is not available where a movant attacks his underlying criminal conviction. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). Where a habeas petitioner's purported 60(b) filing seeks vindication of "an asserted federal basis for relief from a state court's judgment of conviction," it is "in substance a successive habeas petition and should be treated accordingly." Crosby, 545 U.S. at 530-31. Relief under Rule 60(b) is only available in a habeas proceeding when the motion "attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris, 367 F.3d at 77 (citing Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001); see also Crosby, 545 U.S. at 532.

Kearney's 60(b) motion does not attack the integrity of his earlier habeas proceeding but rather reasserts claims of error in his state conviction. It should therefore be treated as a "second or successive habeas petition." Crosby, 545 U.S. at 538; Harris, 367 F.3d at 81. As the Supreme Court has made clear, Kearney's claim pursuant to Rule 60(b)(2), seeking leave to present "newly discovered evidence" that allegedly proves the unfairness of his state court trial, is not properly brought under Rule 60(b). Crosby, 545 U.S. at 531 (observing that where a motion "seek[s] leave to present [newly discovered evidence . . . in support of a claim previously denied" it should be treated as a successive habeas petition). Similarly, Kearney's claims of ineffective assistance of counsel and lack of an impartial state trial judge were previously raised in his habeas petition and cannot now be brought under Rule 60(b). Crosby, 545 U.S. at 532 ("[A]lleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief [under AEDPA]"). Kearney's two new claims – that his state trial violated the Confrontation Clause of the Sixth Amendment of the United States Constitution and that insufficient evidence was presented at trail to sustain a guilty verdict – plainly present new habeas claims for relief and are thus improper. Id. ("A motion that seeks to add a new ground for relief . . . will of course qualify [as a motion asserting a "claim" under § 2244(b).]"). Finally, Kearney's fraud allegations all relate to conduct allegedly occurring "within the frame-work of the actual conduct of [Kearney's] trial" such as "fraudulent scientific forensic testimony [and] perjured evidence". (Mot. at 3.) He states that the fraud "pertain[s] to issues involved in original [sic] action and litigated therein." Id. Although an allegation of fraud on the habeas court could relate to a "defect in the integrity of the federal habeas proceedings" and thus fall within Rule 60(b), Kearney's claims state only

4

error in his state conviction. Cf. Rodriguez, 252 F.3d at 199 (witness's allegedly fraudulent basis for refusing to appear at federal habeas proceeding related to the integrity of the proceedings)

Because Kearney's alleged Rule 60(b) motion does not attack the integrity of his previous federal habeas proceeding, his motion must be treated as a "second or successive habeas petition." Gonzalez, 545 U.S. at 538; Harris, 367 F.3d at 81. Kearney must therefore move in the Court of Appeals for an order authorizing a successive petition to be filed in this Court. See 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, this court lacks jurisdiction to hear the petition. Accordingly, in the interest of justice, the Clerk of the Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. If the Second Circuit authorizes Kearney to proceed in this matter, he may move to reopen the proceeding under this docket number. The Clerk of the Court is directed to close this case.[2]

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2010

Carol Bagley Amon
United Stated District Judge

---

[2] Kearney also moved for appointment of counsel. (ECF No. 39.) As this Court has determined that it lacks jurisdiction over Kearney's successive habeas petition, Kearney's motion is denied without prejudice. Should the Court of Appeals authorize Kearney to proceed in this Court, he may seek appointment of counsel at that time.