```
UNITED STATES DISTRICT COURT              NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD KEARNEY,
                                          MEMORANDUM & ORDER
                    Petitioner,
        -against-                         06-CV-6305 (CBA)


H. GRAHAM, Superintendent,

                    Respondent.
-------------------------------------------------------------------X
```
AMON, Chief United States District Judge:

On February 24, 2012, petitioner Richard Kearney filed a new motion seeking to re-open the October 30, 2008 judgment of this Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254"). As the instant Motion is outside of the scope of Rule 60(b), the Motion for Reconsideration is denied.

**Procedural History**

Petitioner was convicted in a non-jury trial in the Supreme Court of New York, Kings County, of one count of Manslaughter in the First degree in violation of New York Penal Law § 125.20(1) and one count of Criminal Possession of a weapon in the Fourth Degree in violation of New York Penal Law § 265.01(2). He was sentenced on September 10, 2003 to a concurrent determinate term of twenty years for the manslaughter count and one year for the weapon possession count. He appealed his conviction to higher state courts and pursued post-conviction relief.

On November 14, 2006, petitioner filed a petition for a federal writ of habeas corpus, which was transferred to this Court on November 20, 2006. The Court denied Kearney's habeas petition by Order dated October 30, 2008, finding all of his claims to be procedurally barred and, in any event, without merit. On November 21, 2008, Kearney filed a Notice of Appeal to the

Second Circuit Court of Appeals (See ECF Entry No. 30), and on May 8, 2009, the Court of Appeals issued a Mandate denying Kearney's motion for a certificate of appealability and dismissing the appeal. See Kearney v. Graham, No. 08-5642-pr (2d Cir. May 5, 2009), cert. denied, 130 S.Ct. 2409, 176 L.Ed.2d 941 (May 3, 2010). On May 17, 2010, Petitioner filed a motion for relief from the judgment, purportedly pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (See ECF Entry No. 38.) That motion sought reconsideration of this Court's denial of his petition for a writ of habeas corpus on grounds of newly discovered evidence and fraud and also raised additional substantive claims. By Order dated July 29, 2010, the Court found that the motion attacked only Kearney's state conviction, and thus construed the motion as a second or successive petition and transferred it to the Court of Appeals for the Second Circuit. Kearney v. Graham, No. 06-CV-6305 (CBA), 2010 WL 3023668 (E.D.N.Y. July 29, 2010). The Second Circuit denied permission to file a second or successive petition by summary order dated December 20, 2010, which was issued as a mandate on January 21, 2011. (See ECF Entry No. 45.) On January 13, 2011, petitioner filed a new motion, also purportedly pursuant to Rule 60(b), and purportedly challenging the final decision of the Court of Appeals. (See ECF Entry No. 46.) By Order dated April 22, 2011, the Court denied that motion to the extent that it requested relief from a judgment of the Court of Appeals, as this Court lacked the authority to grant that relief. To the extent that the filing continued to attack petitioner's state conviction on grounds previously asserted in federal court, the Court deemed it a second or successive petition and dismissed it, finding that transfer to the Court of Appeals was not in the interest of justice under 28 U.S.C. § 1631. (See ECF Entry No. 49.) On May 6, 2011, petitioner filed a motion seeking relief from the April 22, 2011 Order, which the Court denied on August 3, 2011. (See ECF Entry Nos. 50 & 51.) On August 15, 2011, petitioner filed a "motion for reconsideration of

a denial on litigant's prior motion for relief from a final order," presumably the Court's August 3, 2011 Order. (See ECF Entry No. 52.) The Court denied that motion by Order dated September 12, 2011. (See ECF Entry No. 53.) Petitioner subsequently appealed that decision to the Court of Appeals by filing a Notice of Appeal dated September 26, 2011. (See ECF Entry No. 54.) The Second Circuit dismissed the appeal by summary order dated February 9, 2012, which was issued as a mandate on March 15, 2012. (See ECF Entry No. 57.) On February 24, 2012, petitioner filed the instant motion pursuant to Rule 60(b), again seeking relief from this Court's October 30, 2008 judgment.

**The Instant Motion for Reconsideration**

Petitioner's February 24, 2012 Motion purports to be filed pursuant to Rule 60(b)(6). However, the motion makes no reference to the claims or findings in the October 30, 2008 judgment it purports to challenge. Instead, the Motion challenges the underlying state conviction, by alleging: that petitioner did not receive allegedly exculpatory evidence that was shared with defense counsel (Motion ¶¶ 12-13); that the prosecutor introduced and the trial court permitted the introduction of evidence alleged to be false (Motion ¶¶ 16, 22); that certain evidence was inadmissible under Daubert (Motion ¶¶ 21, 23, 26); and that the evidence was insufficient to sustain a conviction (Motion ¶¶ 21).

Relief under Rule 60(b) in the habeas context is available only when the motion attacks the integrity of the habeas proceeding, and not the underlying criminal conviction. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citing Rodriguez v. Mitchell, 252 F.3d 191, 198-199 (2d Cir. 2001)). As the Court of Appeals for the Second Circuit has explained, "a Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition

. . . or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" Harris, 367 F.3d at 82 (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

The instant filing does not attack the validity of the October 30, 2008 judgment denying the prior petition for a writ of habeas corpus or suggest any basis for relief from that judgment. The Court thus concludes that petitioner has set forth no grounds for relief under Rule 60(b). The Court previously construed a motion purported to be made pursuant to Rule 60(b) as a second or successive petition and transferred it to the Court of Appeals. The Court finds that transfer to the Court of Appeals of this subsequent motion is not in the interest of justice under 28 U.S.C. § 1631. Because Petitioner's request falls outside of the scope of Rule 60(b), his Motion for Reconsideration is denied.

## CONCLUSION

For the foregoing reasons, petitioner's February 24, 2012 Motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/_____
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
      May 10, 2012