FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 01 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD KEARNEY,

                        Petitioner,

-against-

H. GRAHAM, Superintendent,

                        Respondent.
-----------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM & ORDER

06-CV-6305 (CBA)

AMON, Chief United States District Judge:

On May 29, 2012, petitioner Richard Kearney filed a new motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking to re-open the October 30, 2008 judgment of this Court denying his petition for a writ of habeas corpus. For the reasons stated, the motion is denied.

The Court incorporates by reference the summary of the procedural history of this case and Kearney's many post-judgment filings contained in its Order of May 11, 2012. (Docket entry #59.)

Insofar as Kearney's instant motion purports to challenge the integrity of his federal habeas proceedings, the Court notes that it was not brought within a "reasonable time" under Rule 60(b), as over three and a half years have passed since this Court denied habeas relief. (See docket entry #27, dated October 30, 2008.) Moreover, Kearney's argument that he should have been granted an evidentiary hearing on his habeas petition is unavailing. This Court found that all of Kearney's habeas claims were procedurally defaulted and, in any event, meritless based on the state court record. The Second Circuit thereafter denied Kearney's motion for a certificate of appealability. Kearney has not pointed to any disputed issues of fact that might have affected the disposition of his habeas petition, or any other reason for holding an evidentiary hearing. See

Cullen v. Pinholster, 131 S. Ct. 1388, 1401 (2011) ("Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so."); Schiro v. Landrigan, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. . . . It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

The remainder (and majority) of Kearney's motion continues to raise alleged claims of error in his state court criminal proceedings, most or all of which were contained in his prior submissions. As this Court has already explained, relief under Rule 60(b) in the habeas context is available only when the motion attacks the integrity of the habeas proceeding, and not the underlying criminal conviction. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citing Rodriguez v. Mitchell, 252 F.3d 191, 198-199 (2d Cir. 2001)). The Second Circuit has stated: "[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition . . . or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" Harris, 367 F.3d at 82 (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

Accordingly, Kearney's claims related to his state court conviction provide no grounds for relief under Rule 60(b). The Court previously construed a similar motion as a second or successive petition and transferred it to the Court of Appeals, which denied Kearney permission

to file the petition. (See docket entry # 45.) The Court thus finds that transfer to the Court of Appeals of this subsequent motion is not in the interest of justice under 28 U.S.C. § 1631.

## CONCLUSION

For the foregoing reasons, petitioner's May 29, 2012 motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                    S/Chief Judge Amon
                                    _____
                                    CAROL BAGLEY AMON
                                    Chief United States District Judge

Dated: Brooklyn, New York
       August 1, 2012