FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 15 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RICHARD KEARNEY,

        Petitioner,

- against -

H. GRAHAM, Superintendent,

        Respondent.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
06-CV-6305 (CBA)

**AMON, United States District Judge:**

On December 30, 2016, pro se petitioner Richard Kearney filed a motion under Rule 60(b) seeking reconsideration of the Court's May 17, 2016, Order, (D.E. # 84), which in turn denied his previous Rule 60(b) motion dated February 16, 2016, (D.E. # 83). (See D.E. # 89.) The instant Rule 60(b) motion is Kearney's fifth. (See D.E. # 60; D.E. # 73; D.E. # 78; D.E. # 83; D.E. # 89). Underlying all of these motions is Kearney's request to reopen the Court's October 30, 2008, Judgment denying his petition for a writ of habeas corpus. (D.E. # 60–61.) Kearney appealed each of this Court's Orders denying his various motions, and in each case the Second Circuit dismissed the appeals. (See D.E. # 70 (dismissing appeal of denial of first motion); D.E. # 77 (dismissing appeal of denial of second motion); D.E. # 82 (dismissing appeal of denial of third motion); D.E. # 88 (dismissing appeal of denial of fourth motion).)

In his fifth motion for reconsideration presently before the Court, like the fourth and third motions that preceded it, Kearney (1) reiterates his argument that his first Rule 60(b) motion was timely, (see, e.g., D.E. # 89 at 7–9, 12–21; D.E. # 83 at 5, 7–8; D.E. # 78 at 3–7), (2) includes case law (unmoored from any factual development) articulating legal standards regarding the Due Process Clause, the Equal Protection Clause, and judicial powers, (D.E. # 89 at 3–5), and (3) reargues his assertion that the district court erred in dismissing his habeas petition, (id. at 9–11).

That first Rule 60(b) motion, docketed on May 29, 2012, was filed more than three and a half years after the Court denied habeas relief on October 30, 2008. (See D.E. # 60.) Based on that long delay, the Court held in its August 1, 2012, Order that Kearney's motion failed to comply with Rule 60's requirement that any motion be made within a "reasonable time." (See D.E. # 61.) With each of Kearney's Rule 60(b) motions, the Court reexamined and reaffirmed that finding. (See D.E. # 74 (denying second Rule 60(b) motion); D.E. # 79 (denying third Rule 60(b) motion); D.E. # 84 (denying fourth Rule 60(b) motion).)

In this Court's previous denial of Kearney's Rule 60(b) motion, it reiterated that Kearney had not "made any 'showing of exceptional circumstances' that would merit relief under Rule 60(b) with respect to this Court's determination that his initial Rule 60(b) motion was not timely." (D.E. # 84 (quoting Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990)).) Much of Kearney's instant motion accordingly consists of citations to various cases discussing "exceptional circumstances," but Kearney fails entirely to indicate how he himself faced any such circumstances. (D.E. # 89 at 12–21.) Accordingly, with this most recent motion, Kearney has again failed to show how this Court erred in its initial Order finding Kearney's first Rule 60(b) motion untimely, and so the motion is denied.

Kearney has now raised the same arguments in four successive motions in front of this Court and—including Kearney's first Rule 60(b) motion that this Court construed as a successive habeas petition and transferred to the United States Court of Appeals for the Second Circuit, (see D.E. # 38; D.E. # 41)—has filed a total of six Rule 60(b) motions in relation to his underlying habeas petition. The federal courts have limited resources and have the authority and obligation to conserve those resources by managing their dockets for the efficient administration of justice. See Lau v. Meddaugh, 229 F.3d 121, 122 (2d Cir. 2000); In re Martin-Trigona, 9 F.3d 226, 227–

29 (2d Cir. 1993). Accordingly, "a court may prevent a litigant from filing pleadings, motions or appeals upon a showing of extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation," but before doing so must provide the litigant "notice and an opportunity to be heard." Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist., 506 F. App'x 65, 69 (2d Cir. 2012). The Court has carefully reviewed Kearney's extensive prior history of litigation in this action and has considered the burden on the Court and its personnel of continued filing and the likelihood that Kearney will continue to abuse the judicial process. Accordingly, the Court orders Kearney to show cause by affirmation why he should not be barred from filing anything further in this case without first obtaining permission from the Court to do so. Kearney shall submit to this Court, within thirty (30) days of the date of this Order, his written affirmation setting forth good cause why this injunction should not be imposed upon him by the Court. Should he fail to submit his affirmation within the time allowed, or should his affirmation fail to set forth good cause why this injunction should not be entered, Kearney shall be barred from filing anything further in this action without first obtaining permission from this Court to do so.

## CONCLUSION

Kearney's December 30, 2016, motion is denied. Kearney, furthermore, is ordered to show cause, within thirty (30) days from the date of this Order, why he should not be barred from filing anything further in this action without first obtaining permission from this Court to do so. Nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Order. Nevertheless, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438 (1962). Since Kearney failed to make a "substantial showing of the

3

denial of a constitutional right," a Certificate of Appealability shall not issue. <u>Kellogg v. Strack</u>, 269 F.3d 100, 104 (2d Cir. 2001).

SO ORDERED.

Dated: August 14, 2017
      Brooklyn, New York

                                                  s/Carol B. Amon
                                                  Carol Bagley Amon
                                                  United States District Judge